IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| QUINCY RICHARD, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Cv. No. 2:20-cv-02450-JTF <br> Cr. No. 2:15-cr-20026-JTF |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) ) | |

**ORDER DENYING EXTENSION OF TIME AND RULE 59(E) RELIEF
ORDER GRANTING MOTIONS TO AMEND AND SUPPLEMENT
ORDER CONSTRUING MOTION AS A SECOND OR SUCCESSIVE § 2255 MOTION
AND TRANSFERRING SECOND OR SUCCESSIVE § 2255 MOTION TO SIXTH
CIRCUIT COURT OF APPEALS**

Before the Court are the post-judgment motions filed by Movant, Quincy Richard, Bureau of Prisons register number 27373-076, an inmate at the United States Penitentiary McCreary in Pine Knot, Kentucky, after denial of § 2255 relief and entry of judgment. (*See* ECF Nos. 6, 8, 9, 10, 11, 13, 14, 18, 21, 28, 32, 37, 38 & 39.) The Court will first address the background related to Richard's criminal case and § 2255 Motion.

A. **Criminal Case No. 2:15-cr-20026**

On January 29, 2015, a federal grand jury in the Western District of Tennessee returned a two-count indictment against Richard. (Cr. No. 15-20237, ECF No. 1 (sealed).) Count 1 charged that, on or about May 9, 2014, Richard attempted to rob Citgo Flash Market, 2915 Old Austin Peay Highway, Memphis, Tennessee, in violation of 18 U.S.C. § 1951. Count 2 charged that Richard used, carried, brandished, and discharged a firearm during and in relation to the crime of violence charged in Count 1, in violation of 18 U.S.C. § 924(c).

On December 14, 2015, Richard pled guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(B), to both counts of the indictment. (*See* ECF Nos. 30, 32.) Richard waived his right to appeal so long as his sentence was within the applicable guidelines range. (ECF No. 32 at PageID 32.) Richard waived his right to collateral review including to a motion brought under 28 U.S.C. § 2255. (*Id.*) Claims of ineffective assistance of counsel and prosecutorial misconduct were excluded from the collateral review waiver. (*Id.*)

On March 24, 2016, the Court sentenced Richard to a term of imprisonment of fifty-one (51) months on Count 1 and a consecutive term of one hundred twenty (120) months, on Count 2, for a total sentence of one hundred seventy-one (171) months, to be served consecutively to Case Number 13-04649 from the Shelby County Criminal Court in Memphis, Tennessee, and to be followed by a two-year period of supervised release. (ECF No. 35.) Judgment was entered on March 24, 2016. (ECF No. 36 (sealed).) Richard did not appeal.

On March 6, 2018, Richard, through counsel, filed a Motion to Correct Sentence, which sought to correct the Shelby County case number for a state sentence that was to run concurrently with his federal sentence. (ECF No. 39.) The Court granted the motion on January 6, 2020. (ECF No. 40.) An amended judgment was entered that day. (ECF No. 41 (sealed).)

  B.  **Richard's § 2255 Motion, Civil Case No. 2:20-cv-02450**

On June 22, 2020, Richard filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (Civ. No. 20-2540, ECF No. 1.) The sole issue presented in the § 2255 Motion was whether Richard is actually innocent of violating 18 U.S.C. § 924(c) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*Id.* at PageID 3.) On July 7, 2020, the Court denied the § 2255 motion and entered judgment. (ECF Nos. 4 & 5.)

**C. The Post-Judgment Motions**

On August 12, 2020, Richard filed a motion to stay the appeal and allow an extension of time to file a motion under Fed. R. Civ. P. 59(e).  (ECF No. 6.)  Richard argued the merits of his claim based on *Davis*.  (*Id.* at PageID 34-36.)

A Rule 59(e) motion to alter or amend judgment "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks omitted).  The Sixth Circuit has repeatedly held that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.  Rule 59(e) allows for reconsideration; it does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citations and internal quotation marks omitted).

Richard requests an extension of time to file his Rule 59(e) motion.  (*See* ECF No. 6.)  However, Fed. R. Civ. P. 6(b)(2) prohibits the Court from extending the time to file a Rule 59(e) motion.  *See Rhoden v. Campbell*, 153 F.3d 773 (6th Cir. 1998).  His motion is untimely filed, and the Court cannot grant an extension.  The motion for extension of time (ECF No. 6) is **DENIED**.  Richard is **DENIED** relief under Rule 59.

Richard supplements his argument that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c) in various filings, eventually invoking the United States Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), as a basis for relief.  (*See* ECF Nos. 8, 9, 10, 11, 13 & 14.)  To the extent Richard seeks to amend or supplement his argument, the motions to amend and supplement are **GRANTED**.  Richard's filings collectively

seek relief on the § 924(c) conviction, and the Court considers this motion under Fed. R. Civ. P. 60(b). (*See* "Rule 60(b) Motion", collectively ECF Nos. 6, 8, 9, 10, 11, 13 & 14.)

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed the interplay between Rule 60(b) motions and the prohibition on second or successive applications for collateral relief under 28 U.S.C. § 2254. To determine whether a court may decide a Rule 60(b) motion filed by a habeas petitioner, a district court must decide whether the motion presents one or more "claims." *Id.* at 530. The Supreme Court opined that

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.* at 532 (citations and footnote omitted); *see In re Nailor*, 487 F.3d 1018, 1021–23 (6th Cir. 2007) (applying *Gonzalez* to § 2255 motions).

The Sixth Circuit has allowed a second or successive § 2255 motion to proceed where the defendant, relying on *Davis*, a rule of constitutional law made retroactively applicable, and *Taylor*, a rule of statutory interpretation, sought collateral review for the defendant's § 924(c) conviction based on attempted armed robbery. *See In re: David Patterson*, No. 22-5683 (6th Cir. Dec. 15, 2022). (*See Patterson v. United States*, No. 2:22-cv-02880, ECF No. 1 at PageID 3.)

Richard's Rule 60(b) Motion attacks the Court's previous resolution of the claim on the merits and is construed as a second or successive § 2255 Motion. This Court lacks the authority to decide the second or successive § 2255 Motion (*see* ECF Nos. 6, 8, 9, 10, 11, 13 & 14) because the Sixth Circuit Court of Appeals has not approved its filing. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Under *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second

or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *See Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016) ("the district court should have transferred those motions here for processing as requests for permission to present claims in a second or successive habeas petition"). Therefore, under *In re Sims*, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby **ORDERED** that the Clerk transfer the second or successive § 2255 Motion (*see* ECF Nos. 6, 8, 9, 10, 11, 13 & 14) to the United States Court of Appeals for the Sixth Circuit.[1]

In subsequent motions, Richard sought to voluntary dismiss his post-judgment motions, appoint counsel, obtain a certificate of appealability, proceed as a pauper on appeal, and for a ruling on his post-judgment motions. (*See* ECF Nos. 18, 21, 28, 32, 37, 38 & 39.) These motions are DENIED as moot with the entry of this Order.

**IT IS SO ORDERED**, this 15th day of April, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

---

[1] If the Sixth Circuit authorizes the second or successive § 2255 Motion, the United States shall file a response in the new civil case within ten days of entry of the Order.